

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHRISTY L. SPEAKMAN<br>831 Gerard Avenue, Apt. 7-H<br>Bronx, NY 10451<br><br>Plaintiff,<br><br>v.<br><br>OHIO UNIVERSITY<br>c/o Office of Legal Affairs<br>Pilcher House<br>10 East Union Street<br>Athens, OH 45701-2979<br><br>and<br><br>YOSHITOMO SAITO<br>407 Zang St. Apt. 415<br>Lakewood, CO 80228-1054<br><br>Defendants. | Case No. 2:07 cv 135<br><br>Judge JUDGE SMITH<br>MAGISTRATE JUDGE KING<br><br>**COMPLAINT**<br><br>**Jury Demand Endorsed Hereon** |

Now comes Plaintiff, Christy L. Speakman and for her Complaint against Defendants Ohio University and Yoshitomo Saito, states and alleges as follows:

### JURISDICTION

1. This is an action brought pursuant to Title IX of the Education Amendments Act of 1972, Section 901(a), as amended, 20 U.S.C. Section 1681(a) (Title IX) for sex discrimination and sexual harassment which occurred at Ohio University in Athens, Ohio. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, and supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367.

## PARTIES

2. Plaintiff Christy L. Speakman is an adult female and at all times relevant was a resident of Ohio and was a student and employee of Defendant Ohio University. Plaintiff is also a person entitled to the protections of Title IX.

3. Defendant Ohio University is a state supported institution of higher education duly organized and existing under the laws of the State of Ohio, which receives federal financial assistance for its education program.

4. At all times relevant, Defendant Yoshitomo Saito was an employee and agent of the Defendant Ohio University, employed as a tenured associate professor and the chairperson of the sculpture program in the School of Art. This action is brought against Defendant Yoshitomo Saito both individually and in his official capacity.

## BACKGROUND

5. Plaintiff incorporates paragraphs 1-4 of this Complaint as if fully rewritten here.

6. Plaintiff as a first year graduate student of the School of Art at Ohio University enrolled in a sculpture course taught by Defendant Yoshitomo Saito in the Spring of 2002. It was at this time that the unwanted sexual harassment from Defendant Yoshitomo Saito began. The harassment continued throughout Plaintiff's academic career despite numerous complaints from her to officials of Ohio University. Yoshitomo Saito's harassment of Plaintiff lasted until September of 2005.

7. Plaintiff first complained to Defendant Ohio University officials in November 2003, regarding the unwelcome and unwanted sexual harassment from Yoshitomo Saito.

8. In June 2004, Plaintiff again complained to Defendant Ohio University officials about Yoshitomo Saito's harassment because it continued.

9. Plaintiff made a third complaint to the officials of Defendant Ohio University in June of 2005, regarding the unwelcome and unwanted sexual harassment she was enduring from Yoshitomo Saito.

10. Despite the numerous complaints Plaintiff made to Defendant Ohio University nothing was done to remedy the sexual harassment until October 28, 2005, when Ohio University finally suspended Defendant Yoshitomo Saito.

## COUNT I
(Title IX)

11. Plaintiff incorporates paragraphs 1-10 of this Complaint as if fully rewritten here.

12. Defendant Ohio University, a state supported institution of higher education, receives federal financial assistance for its education program. As such, Defendant Ohio University is subject to the provisions of Title IX of the Education Acts of 1972, 20 U.S.C. § 1681(a), *et seq*.

13. Defendant Ohio University owed a duty to Plaintiff to provide and ensure an educational environment for Plaintiff free of sex discrimination and sexual harassment, and to enforce the regulations, rules, and laws necessary to protect Plaintiff and other female students from acts of sex discrimination and sexual harassment.

14. During the course of his employment with Defendant Ohio University, Defendant Yoshitomo Saito, without cause or provocation, willfully, and repeatedly subjected Plaintiff to unwanted and unwelcomed intimidation, crude offensive comments, and conduct that was of a sexual nature. Plaintiff was subjected to this treatment because she is female.

3

15. Defendant Yoshitomo Saito willfully, and repeatedly subjected Plaintiff to offensive comments, and conduct including leaving unwanted gifts and messages in her School of Art mail box, taking pictures of her without her knowledge and leaving them in her School of Art mail box, writing in her thesis exhibition guest book a message in Japanese, saluting her in the hallways when passing, designating her as the personal guest of honor for a public demonstration of his work, calling her numerous times, leaving numerous messages on her voicemail, sending her numerous messages on her email, showing up at her house at night professing his love for her and attempting to kiss her, and sitting on her car waiting for Plaintiff in the Ohio University parking lot. Yoshitomo Saito's conduct toward Plaintiff was due to Plaintiff's sex.

16. Plaintiff's learning environment was adversely compromised by Defendant Yoshitomo Saito, among other things, by the following: his continuous appearances at her car when she was arriving and departing from Siegfried Hall at Ohio University; his appearances in the graduate student photo office; his appearances in the isolated darkened black and white photography lab; and his appearances at her locker in Siegfried Hall.

17. Plaintiff complained to Defendant Ohio University about Yoshitomo Saito's actions described above, and Defendant Ohio University was otherwise aware of Yoshitomo Saito's propensity to engage in the actions described above. Nevertheless, Defendant Ohio University failed to take prompt and effective action to prevent and correct Defendant Yoshitomo Saito's sexually harassing behavior.

18. Based upon the complaints to its officials, Defendant Ohio University was on notice of Defendant Yoshitomo Saito's sexual harassment of Plaintiff. Nevertheless, the representatives and agents of Defendant Ohio University to whom responsibility for remedying

such conduct had been delegated, failed to do so. Defendant Ohio University was deliberately indifferent toward Defendant Yoshitomo Saito's sexually harassing behavior, despite plaintiff's complaints, and failed to take prompt and effective remedial action to prevent and correct the behavior.

19. Furthermore, after Plaintiff complained to Defendant Ohio University's Officials and with knowledge regarding Defendant Yoshitomo Saito's sexually harassing behavior, Defendant Ohio University promoted Defendant Yoshitomo Saito to a tenured associate professor.

20. At all times relevant, Defendant Ohio University had in place a sexual harassment policy that, both as written and as applied, discouraged rather than facilitated effective prevention of sexual harassment toward Ohio University students. In adopting and applying the sexual harassment policy, Defendant Ohio University was deliberately indifferent to preventing future acts of sexual harassment.

21. As a result of Defendant Ohio University's deliberate indifference toward preventing sexual harassment by Defendant Yoshitomo Saito, Yoshitomo Saito continued his unwelcomed sexual harassing behavior toward the Plaintiff.

22. The harassment by Defendant Yoshitomo Saito was so severe, pervasive, and objectively offensive that it deprived the Plaintiff of access to the educational opportunities and benefits provided by Ohio University. For example, Plaintiff aborted her work on her Fulbright application because of Defendant Yoshitomo Saito's harassment.

23. Defendant Ohio University failed to undertake a full and fair investigation of Plaintiff's complaints and to take prompt and effective remedial action to prevent and correct Yoshitomo Saito's sexually harassing behavior.

24. Through Defendant's actions as described above, Defendant Ohio University created an intimidating, hostile, offensive and intolerable educational and learning environment for Plaintiff because of her sex.

25. By the actions described above, Defendant Ohio University intentionally, willfully, and without justification acted to deprive Plaintiff, on the basis of her sex, of her rights, privileges and immunities under the laws of the United States, particularly her right to be free from discrimination in education on the basis of her sex as provided by Title IX.

26. Defendant Ohio University, despite knowledge and adequate opportunity to learn of and correct the misconduct of its agent and employee Yoshitomo Saito, adopted, approved, and ratified Yoshitomo Saito's acts, omissions, and misconduct.

27. Plaintiff has suffered and will continue to suffer humiliation, mental and emotional anguish, anxiety, and distress as a result of the hostile educational environment created by the Defendant Ohio University as described above.

28. Plaintiff has also been forced to incur substantial expenses in seeking a remedy for damages directly and proximately caused by Defendant's actions.

## COUNT II
(Sexual Harassment – Hostile Work Environment)

29. Plaintiff incorporates paragraphs 1-28 of this Complaint as if fully rewritten here.

30. Plaintiff was employed by Defendant Ohio University in the Graduate Fine Arts Department from 2002 through 2005.

31. The conduct described hereinabove constitutes sexual harassment.

32. Plaintiff complained to Ohio University Officials regarding the unwanted Sexual Harassment perpetuated on her by Defendant Yoshitomo Saito on four occasions: first in

November of 2003, second in June of 2004, third in June of 2005, and fourth, at the end of June 2005 before Ohio University officials told her to file a formal written complaint.

33. Upon information and belief, after hearing Plaintiff's complaints of sexual harassment, Defendant Ohio University did not conduct or cause to be conducted an investigation into Plaintiff's allegations, nor discipline or cause to be disciplined Defendant Yoshitomo Saito; in fact Defendant, Ohio University promoted Defendant Yoshitomo Saito to a tenured professor.

34. Upon information and belief, Defendant Yoshitomo Saito did not subject the male employees to unwanted comments of a sexual nature.

35. The harassing conduct was based upon Plaintiff's sex, female.

36. The harassing conduct unreasonably interfered with Plaintiff's work performance and created an intimidating, offensive, and hostile work environment.

37. Defendant failed to take prompt remedial action to provide Plaintiff with a work environment free of sexual harassment.

38. The actions and inactions of Defendant Ohio University are in violation of the rights guaranteed under Ohio Revised Code § 4112.02. Plaintiff has a remedy under Ohio Revised Code § 4112.99.

39. Plaintiff has suffered and will continue to suffer humiliation, mental and emotional anguish, anxiety, and distress as a result of the hostile working environment created by the Defendants as described above.

40. Plaintiff has also been forced to incur substantial expenses in seeking a remedy for damages directly and proximately caused by Defendants' actions.

## COUNT III
(Negligent Hiring, Retention and/or Supervision)

41. Plaintiff incorporates paragraphs 1-40 of this Complaint as if fully rewritten here.

42. Upon information and belief, Defendant Ohio University knew or should have known that Defendant Yoshitomo Saito was sexually harassing female students, including the Plaintiff.

43. Upon information and belief, at all times relevant, Defendant Ohio University employed Defendant Yoshitomo Saito as an instructor and after having knowledge of him sexually harassing Plaintiff, Defendant promoted Yoshitomo Saito to a tenured associate professor.

44. Despite such knowledge, Defendant negligently retained and promoted Yoshitomo Saito to a position of trust and authority as a tenured Professor, where he was able to further sexually harass the Plaintiff.

45. Upon information and belief, at all times relevant, Defendant Yoshitomo Saito was under the direct supervision, employ and control of Defendant Ohio University when he, without cause or provocation, willfully, and repeatedly subjected Plaintiff to unwanted and unwelcomed intimidation, crude offensive comments, and conduct that was of a sexual nature while Yoshitomo Saito was acting in the course and scope of his employment with Ohio University and/or by virtue of the authority vested in him by Ohio University.

46. Upon information and belief, Defendant Ohio University failed to exercise ordinary care in hiring, supervising, and retaining Defendant Yoshitomo Saito and failed to prevent the foreseeable sexual harassment towards Plaintiff.

8

47. As a direct and/or proximate cause of the Defendant Ohio University's negligent retention, supervision, and hiring of Defendant Yoshitomo Saito, Plaintiff suffered and will continue to suffer humiliation, mental and emotional anguish, anxiety, and distress as a result of the hostile educational and working environment created by the Defendant Ohio University as described above.

## COUNT IV
(Vicarious Liability/*Respondeat Superior*)

48. Plaintiff incorporates paragraphs 1-47 of the Complaint as if fully rewritten herein.

49. At all times material, Defendant Yoshitomo Saito without cause or provocation, willfully, and repeatedly subjected Plaintiff to unwanted and unwelcomed intimidation, crude offensive comments, and conduct that was of a sexual nature by his conduct, he has intentionally and/or negligently and/or recklessly caused Plaintiff to suffer humiliation, mental and emotional anguish, anxiety, and distress.

50. Upon information and belief, at all times material, Defendant Yoshitomo Saito was under the direct supervision, employ and control of the Defendant Ohio University, as a associate tenured professor and authority figure when he committed sexual harassment of Plaintiff alleged hereinabove.

51. Upon information and belief, at all times material, Defendant Yoshitomo Saito engaged in the misconduct alleged hereinabove while acting in the course and scope of his employment with the Defendant, and/or accomplished the sexual harassment by virtue of his job created authority.

9

52. Defendant Ohio University is liable for the sexual harassment of Plaintiff by Yoshitomo Saito, under the theory of vicarious liability, including the Doctrine of *Respondeat Superior* because Yoshitomo Saito's misconduct alleged hereinabove was reasonably foreseeable given his history, past misconduct and repeated complaints made by Plaintiff to Ohio University Officials.

53. As a direct result of Defendant Yoshitomo Saito and Defendant Ohio University's negligent conduct, Plaintiff has suffered and will continue to suffer humiliation, mental and emotional anguish, anxiety, and distress.

## COUNT V
(Civil Assault and Battery)

54. Plaintiff incorporates paragraphs 1-53 of the Complaint as if fully rewritten herein.

55. Defendant Yoshitomo Saito acted intentionally throughout all times relevant here when he directed sexual comments about plaintiff to this plaintiff.

56. Plaintiff did not consent to these comments at any time.

57. Plaintiff throughout the time she was a student and worked at Ohio University, was in fear and was apprehensive that defendant Yoshitomo Saito would touch her.

58. Defendant Yoshitomo Saito on more than one occasion did attempt to touch plaintiff without her consent, and at the same time made sexual inferences about her to her.

59. As a result of defendant Yoshitomo Saito's conduct Plaintiff sustained emotional distress, fear, anxiety as a result of defendant Yoshitomo Saito's conduct.

WHEREFORE, Plaintiff prays for damages against Defendants jointly and/or severally in an amount in excess of Twenty Five Thousand Dollars ($25,000.00) for compensatory damages, plus interest, attorney's fees, punitive damages, costs associated with this litigation and any other relief that this Court deems appropriate.

                                             Respectfully submitted,

                                             THOMAS D. ROBENALT (0055960)
                                             COLIN P. SAMMON (0076011)
                                             **Novak, Robenalt & Pavlik L.L.P.**
                                             Tower City Center
                                             Skylight Office Tower
                                             1660 West Second Street, Suite 950
                                             Cleveland, Ohio 44113-1498
                                             Phone: (216) 781-8700
                                             Fax: (216) 781-9227
                                             Email: trobenalt@nrplaw.com

                                             Attorneys for Plaintiff

**JURY TRIAL DEMANDED**