UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Christy L. Speakman,**

  **Plaintiff,**

-v-            Case No. 2:07-cv-00135
                JUDGE SMITH
                Magistrate Judge King

**Ohio University,** *et al.***,**

  **Defendants.**

## OPINION AND ORDER

  Plaintiff Christy L. Speakman ("Plaintiff Speakman") has brought this action against Defendant Ohio University ("Defendant OU") and Defendant Yoshitomo Saito ("Defendant Saito") asserting claims of sexual discrimination and sexual harassment under Title IX of the Education Amendments Act of 1972, 20 U.S.C. § 1681(a) and Ohio Revised Code Chapter 4112. Additionally, Plaintiff asserts Ohio common law causes of action for negligent hiring, retention, and/or supervision, vicarious liability/*respondeat superior*, and civil assault and battery. Defendant Saito, in his individual capacity, has moved for dismissal of all claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 3). For the reasons that follow, the Court **GRANTS** Defendant Saito's Motion to Dismiss.

## I.  FACTS

For purposes of ruling on Defendant Saito's Motion to Dismiss, the Court accepts as true the well-pleaded facts as set forth in the Complaint.

Plaintiff Speakman is an adult female.  She was both a student and employee of Defendant OU. (Compl. ¶ 2).  Defendant OU is a state-supported institution of higher education which receives federal financial assistance for its education program. (Compl. ¶ 3).  At all times relevant, Defendant Saito was a tenured associate professor and the chairperson of the sculpture program for the School of Art at Ohio University. (Compl. ¶ 4).

In Spring 2002, Plaintiff was a first year graduate student of the School of Art at Ohio University and was enrolled in a sculpture class taught by Defendant Saito. (Compl. ¶ 6).  She alleges at this time that the unwanted sexual harassment from Defendant Saito began. *Id*.  In November 2003, Speakman first complained to officials of Defendant OU regarding the alleged harassment. (Compl. ¶ 7).  In both June 2004, and June 2005, Speakman again complained to officials of Defendant OU regarding the continuing alleged harassment. (Compl. ¶ 8-9). Despite Plaintiff's numerous complaints to officials of Defendant OU, she alleges the harassment continued throughout her academic career until September 2005. (Compl. ¶ 6).  On October 28, 2005, Defendant OU suspended Defendant Saito. (Compl. 10).

## II.  MOTION TO DISMISS STANDARD

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  All well-pleaded allegations must be taken as true and be construed most favorably toward the nonmoving party.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  A 12(b)(6) motion to dismiss is directed solely to the

complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6) must be read in conjunction with Fed. R. Civ. P. 8(a) which provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed.1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

On the other hand, more than bare assertions of legal conclusions are required to satisfy the notice pleading standard. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Id.* at 437. (Quotes omitted).

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

*Id.*

### III.  DISCUSSION

Plaintiff, in her Complaint, asserts the following five causes of action:  Count One, Title IX; Count Two, sexual harassment-hostile work environment; Count Three, negligent hiring, retention, and/or supervision, Count Four, vicarious liability/*respondeat superior*; and Count Five, civil assault and battery.  Defendant Saito seeks dismissal of all claims asserted against him in his personal capacity pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendant Saito argues that the statute of limitations for civil assault and battery has passed, and that the other remaining counts are applicable only to Defendant OU.  This Court agrees.

As conceded by Plaintiff (Memo. in Opp. at 3), the applicable statute of limitations for bringing a cause of action arising from assault and battery is one year. *See* Ohio Rev. Code § 2305.11.1.  The events which establish the basis for Plaintiff's assault and battery claim occurred prior to September 2005.  This action was not commenced until February 21, 2007, well after the statute of limitations has passed.  Therefore, Plaintiff Speakman is barred from bringing the civil assault and battery claim.

As stated above, the Court agrees with Defendant Saito that the remaining counts, Counts One through Four are inapplicable to Defendant Saito.  Count One of the Complaint asserts a Title IX violation. (Compl. ¶ 11-28).  Violations under Title IX can only be brought against "any education program or activity receiving Federal financial assistance." Title IX, Education Amendments of 1972, § 1681(a), 20 U.S.C.A. § 1681(a).  Defendant Saito is not an educational program or activity receiving Federal financial assistance, and therefore, a Title IX claim cannot be brought against him.  Count Two of the Complaint asserts a sexual harassment claim in violation of Ohio Rev. Code § 4112.02. (Compl. ¶ 29-40).  This statute, however, provides

redress only against employers, not individual employees.  *See Osman v. Isotec, Inc.*, 960 F. Supp. 118, 120 (S.D. Ohio 1997)(finding no liability for individuals under Ohio Rev. Code § 4112.02).  Count Three of the Complaint alleges Defendant OU negligently hired, retained, and/or supervised Defendant Saito. (Compl.¶ 41-47).  It is commonsense that this claim can only be brought against Defendant OU.  Finally, Count Four of the Complaint is for vicarious liability/*respondeat superior* liability, and is asserted only against Defendant OU. (Memo. in Opp. at 2).  Therefore, Count Four, like Counts One through Three, is also not applicable to Defendant Saito.

Notwithstanding the previous discussion, this Court rejects Plaintiff's argument that she has asserted a claim of negligence against Defendant Saito.  The elements of such a claim have not been pled.  Further, any such claim would be based upon the same allegations Plaintiff relied on in asserting the civil assault and battery claim set forth in Count Five of the Complaint. This Court will not permit Plaintiff to circumvent the statute of limitations applicable to the assault and battery claim by masquerading such a claim as one for negligence.

Accordingly, Defendant Saito's Motion to Dismiss is **GRANTED**.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** Defendant Saito's Motion to Dismiss (Doc. 3).

All claims brought against Defendant Saito shall be dismissed with prejudice.  Counts One through Four of the Complaint remain pending as to Defendant OU.

The Clerk shall remove Document 3 from the Court's pending motions list.


**IT IS SO ORDERED.**


    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**